D462

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

Case No.: 05-_____-CIV

-----------------------------------------------------------X
THERESA ARUTE,

           Plaintiffs,

-against-                      **NOTICE OF REMOVAL**

CARNIVAL CRUISE LINE COMPANIES

           Defendants.
-----------------------------------------------------------X

T O :  Richard M. Franchi, Esq.        Clerk of the Court
       Attorney for Plaintiff             Superior Court of Connecticut
       205 Church Street, 3rd Fl.          J.D. of New Haven
       New Haven, CT 06510             235 Church Street
                                                           New Haven, CT 06510

       Defendant, Carnival Cruise Lines i/s/h/a Carnival Cruise Line Companies, by its attorneys, Bennett, Giuliano, McDonnell & Perrone, LLP, in support of its Notice of Removal, allege upon information and belief as follows:

       1.     Plaintiff has filed her complaint with the Superior Court of the State of Connecticut, Judicial District of New Haven, against the defendant, Carnival Cruise Lines, a Panamanian Corporation with a principal place of business in Miami, Florida. A copy of the complaint is annexed hereto as Exhibit "A."

2. Plaintiff is an individual who is a United States citizen and resident of Westbrook, Connecticut.

3. The plaintiffs' complaint was first received by defendant, Carnival Cruise Lines on or about October 31, 2005 by first class mail. It has not been received by any of the other defendants. This removal is made within thirty (30) days thereof.

4. The complaint seeks unspecified dollars in money damages for the severe personal injuries allegedly sustained by plaintiff Theresa Arute while on board the Carnival vessel Sensation on or about August 11, 2003. It is believed based upon the pleadings and the seriousness of plaintiff's claimed injuries, that the amount in controversy and demanded by the plaintiff exceeds the sum of $75,000.00, exclusive of costs and interest.

5. All of the defendants are represented by the undersigned and consent to removal of plaintiff's action.

6. This action is removable to this Court pursuant to 28 U.S.C. § 1441 by virtue of this Court's original jurisdiction over civil actions in which the parties are citizens of different countries and one is a United States Citizen and their residences are in different states. Thus, original jurisdiction was proper pursuant to 28 U.S.C. § 1332, diversity of citizenship. This Court also has original jurisdiction over this claim pursuant to 28 U.S.C. § 1333, in that plaintiff asserts that she was injured upon a cruise ship on navigable waters.

WHEREFORE, the defendant prays that this honorable Court remove this action to the United States District Court for the District of Connecticut pursuant to 28 U.S.C. § 1441; and that this defendant have such other and further relief as this Court deems just, proper and equitable.

Dated:     New York, New York
           November 14, 2005

                                        Respectfully submitted,

                                        **Bennett, Giuliano, McDonnell & Perrone, LLP**
                                        Attorneys for Defendant
                                        CARNIVAL CRUISE LINES

                                        By: _____
                                            Joseph J. Perrone (CT-24766)

                                        **Bennett, Giuliano, McDonnell & Perrone, LLP**
                                        225 West 34th Street, Suite 402,
                                        New York, NY 10122
                                        Tel. (646) 328-0120
                                        Fax (646)-328-0121
                                        jperrone@bgmplaw.com

Z:D462/legals/Notice of Removal 111405

3

**EXHIBIT - A**

11/10/2005 THU 11:05 FAX          CCL LOSS PREV                                    ☒ 002

**CIVIL** (Except Family Actions)
JD-CV-1 Rev. 1-2000
C.G.S. § 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259, P.B. Secs 3-1 thru 3-21, 8-1

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.state.ct.us

YSE5080720047mDR

**"X" ONE OF THE FOLLOWING:**
*Amount, legal interest or property in demand, exclusive of interest and costs is:*
☐ less than $2,500
☐ $2,500 through $14,999.99
☒ $15,000 or more
("X" if applicable)
☐ Claiming other relief in addition to or in lieu of money or damages.

**INSTRUCTIONS**
1. Type or print legibly; sign original summons and conform all copies of the summons.
2. Prepare or photocopy conformed summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for actions in which an attachment, garnishment or replevy is being sought. See Practice Book Section 8-1 for other exceptions.

**TO:** Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

☒ JUDICIAL DISTRICT  ☐ HOUSING SESSION  ☐ G.A. NO.   AT (Town in which writ is returnable) (C.G.S. 51-346, 51-349) **NEW HAVEN**

RETURN DATE (Mo., day, yr.) (Must be a Tuesday) **12/6/05**

ADDRESS OF COURT CLERK WHERE WRIT AND OTHER PAPERS SHALL BE FILED (No., street, town and zip code) (C.G.S. 51-346, 51-350)
**235 CHURCH STREET, NEW HAVEN, CT 06510**

CASE TYPE (See JD-CV-1c)  Major **T**   Minor **90**

| PARTIES | NAME AND ADDRESS OF EACH PARTY (No., street, town and zip code) NOTE: Individuals' Names: Last, First, Middle Initial | | PTY NO. |
|---|---|---|---|
| FIRST NAMED PLAINTIFF | ARUTE, THERESA, 41 ANTONIE ROAD, WESTBROOK, CT 06498 | TELEPHONE NO. (w/area code) **203-503-6800** | |
| Additional Plaintiff | | ☐ Form JD-CV-2 attached | |
| FIRST NAMED DEFENDANT | CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, 3655 NW. 87TH AVE. MIAMI, FL 33178  C/O the Secretary | | 01 |
| Additional Defendant | | | 02 |
| Additional Defendant | | | 50 |
| Additional Defendant | | | 51 |
| | | | 52 |
| | | | 53 |

**NOTICE TO EACH DEFENDANT**

1. YOU ARE BEING SUED.
2. This paper is a Summons in a lawsuit.
3. The Complaint attached to these papers states the claims that each Plaintiff is making against you in this lawsuit.
4. To respond to this Summons, or to be informed of further proceedings, you or your attorney must file a form called an "Appearance" with the Clerk of the above-named Court at the above Court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default.
6. The "Appearance" form may be obtained at the above Court address.
7. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately take the Summons and Complaint to your insurance representative.
8. If you have questions about the Summons and Complaint, you should consult an attorney promptly. The Clerk of Court is not permitted to give advice on legal questions.

DATE **0/10/05**   SIGNED (Sign and "X" proper box)   ☒ Comm. of Superior Court ☐ Assistant Clerk   TYPE IN NAME OF PERSON SIGNING AT LEFT **Richard Franchi**

FOR THE PLAINTIFF(S) PLEASE ENTER THE APPEARANCE OF:
NAME AND ADDRESS OF ATTORNEY, LAW FIRM OR PLAINTIFF IF PRO SE (No., street, town and zip code)
**Richard Franchi, Esq., 205 Church St., New Haven, CT 06510**

NAME AND ADDRESS OF PERSON RECOGNIZED TO PROSECUTE IN THE AMOUNT OF $250 (No., street, town and zip code)
**John Franchi, 264 Shagbark Drive, Derby, CT 06418**

TELEPHONE NUMBER **203-495-1000**    JURIS NO. (If atty. or law firm) **310016**

| # PLFS. | # DEFS. | # CNTS. |
|---|---|---|
| 1 | 1 | 1 |

SIGNED (Official taking recognizance; "X" proper box)   ☒ Comm. of Superior Court ☐ Assistant Clerk

SIGNATURE OF PLAINTIFF IF PRO SE

For Court Use Only
FILE DATE

**THIS SUMMONS IS SIGNED BY A CLERK:**
The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
The Clerk is not permitted to give any legal advice in connection with any lawsuit.
The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service thereof.

I hereby certify I have read and understand the above:   SIGNED (Pro Se Plaintiff)

DATE SIGNED   DOCKET NO.

RETURN DATE: December 6, 2005

| | | |
|---|---|---|
| THERESA ARUTE | ) | SUPERIOR COURT |
| VS. | ) | J.D. OF NEW HAVEN AT |
| CARNIVAL CRUISE LINE COMPANIES | ) | NEW HAVEN |
| | ) | OCTOBER 10, 2005 |

## COMPLAINT

### VIOLATION OF CONNECTICUT UNFAIR TRADE PRACTICE ACT
### C.G.S section 42-110b

1. At all times hereinafter mentioned the defendant, CARNIVAL CORPORATION, doing business as, CARNIVAL CRUISE LINE ("CARNIVAL") is a foreign corporation authorized to do business in the State of Connecticut and/or a foreign corporation doing business in the State of Connecticut.

2. At all times hereinafter mentioned the defendant, CARNIVAL, advertises, markets, and contracts in Connecticut through its agents, servants and/or employees, vacation and recreational cruises aboard ocean going passenger cruise ships that are owned and operated by said defendant.

3. At all times hereinafter mentioned the plaintiff, Theresa Arute, was a resident of Connecticut.

4. On or about May 10, 2004 the plaintiff contracted with the defendant, CARNIVAL, through its agents, servants and/or employees in Connecticut for passage on a recreational cruise, a/k/a, a "Fun Cruise" on a vessel identified as "The Sensation" that was owned and operated by the defendant, "CARNIVAL" for which she paid a large amount of money.

LAW OFFICES • RICHARD M. FRANCHI • NEW HAVEN, CONNECTICUT 06510 • (203) 495-1000 • JURIS NO. 310018
205 CHURCH STREET, 3rd FLOOR

5. On or about May 25, 2004, the plaintiff was given her boarding pass and written contract for said recreational cruise from the agents, servants and/or employees of the defendant CARNIVAL.

6. The aforementioned written contract was drafted by the defendant, Carnival and contained a clause waiving all of its liability for any injuries that the plaintiff sustained as a result of any voluntary recreational activities in which she participated while she was on the recreational cruise regardless of the negligence of the ship's owner, master, manager, or crew members.

7. The aforementioned written contract is a violation of the Connecticut Unfair Trade Practice Act C.G.S. section 42-110b, <u>et seq</u>. in that it contains a waiver of liability as to the owner and operator of a vessel for negligence caused onboard its ship by a master, agent, crewmember and/or employee thereof in violation of 46A U.S.C. section 183c and is against public policy pursuant to 46 A U.S.C. section 183c(a)(2).

8. On or about August 7, 2004 the plaintiff boarded the SENSATION for a 5 day Fun Cruise at its port of origin in Miami, Florida and it was bound for foreign ports.

9. On or about August 11, 2004 while onboard The SENSATION, the plaintiff was on a sundeck with other passengers when a crewmember asked her to participate in a game on the deck and told her that she would receive a bottle of champagne and a cruise video for her participation. The plaintiff agreed and the crewmember then recruited several male passengers, who had been drinking alcohol, for the game. The deck where the game was to take place had just been used by Carnival employees for ice carvings. The carvings were removed from the deck just before the game but shaved ice and water remained. During the game, the

2

crewmember gave instructions to the participants. One of the male participants was told to physically pick up the plaintiff. When he picked up the plaintiff he then slipped on the ice and water that was left on the deck and dropped the plaintiff and then fell on top of her causing her to sustain a fractured coccyx, bruising to her buttocks, pain, suffering, injury to her nerves and nervous system, loss of income and medical expenses.

10. The injuries and the damages sustained by the plaintiff as aforementioned were the result of the negligence of the defendant, the master of the vessel Sensation, and its crew members in that:

a) they failed clean the deck prior to the game while having knowledge of a defective condition, namely the presence of ice and water;

b) they failed to canvass the participants for the presence of alcohol;

c) they gave instructions for the game that were dangerous to the participants;

d) they did not act as a reasonably prudent person would have under the circumstances.

11. At all times hereinafter mentioned the defendant, CARNIVAL has unlawfully avoided liability from the negligence of itself and its servants through contractual limitations as aforesaid and has injured and damaged the plaintiff there from.

12. At all times hereinafter mentioned the defendant, CARNIVAL and its vessel, the Sensation, were subject to the provisions of 19 U.S.C. section 1431 in which a public disclosure of the manifest information was required upon request and said public disclosure included the name of the master of the vessel.

3

13. On or about September 15, 2005 the plaintiff did make a request to the defendant, CARNIVAL for public disclosure of the manifest for the aforementioned fun cruise to determine the master of the Sensation for the express purpose of bringing suit against the master for the aforementioned negligent acts pursuant to 46A U.S.C. section 491.

14. The defendant failed and refused to provide the manifest in order to protect the identity of the master of the vessel Sensation and allow him to avoid legal process and said acts are a violation of the Connecticut Unfair Trade Practice Act C.G.S. section 42-110b, et seq. in that they are unethical and deceptive.

15. The failure and refusal to disclose the manifest by the defendant, Carnival, has damaged and injured the plaintiff in that she has not been able to identify the master of the vessel Sensation in order to file a lawsuit against him for the aforementioned negligence.

16. A copy of this Summons and Complaint has been mailed or will be mailed to the Attorney General of the State of Connecticut and the Commissioner of the Department of Consumer Protection pursuant to C.G.S. section 42-110g.

WHEREFORE THE PLAINTIFF CLAIMS RELIEF AS FOLLOWS:

1. Money Damages;

2. punitive damages to C.G.S. Section 42-110b et seq;

3. Attorneys fees pursuant to C.G.S Section 42-110b, et seq

4. Cost of Suit;

5. Such further legal and equitable relief within the jurisdiction of the Court.

5

Of this Writ, with your doings thereon, make due service and return.

Dated at New Haven, Connecticut, this 28th day of October, 2005.

_____

RICHARD M. FRANCHI
COMMISSIONER OF THE SUPERIOR COURT

LAW OFFICES • RICHARD M. FRANCHI
205 CHURCH STREET, 3rd FLOOR • NEW HAVEN, CONNECTICUT 06510 • (203) 495-1000 • JURIS NO. 310916

6

RETURN DATE: December 6, 2005

| | | |
|---|---|---|
| THERESA ARUTE | ) | SUPERIOR COURT |
| VS. | ) | J.D. OF NEW HAVEN AT |
| CARNIVAL CRUISE LINE COMPANIES | ) | NEW HAVEN |
| | ) | OCTOBER 10, 2005 |

## STATEMENT OF DEMAND

The plaintiff herein claims compensatory damages in excess of FIFTEEN THOUSAND ($15,000.00) DOLLARS.

The Plaintiff,

By _____
RICHARD M. FRANCHI
her attorney
Juris No. 310016

*LAW OFFICES • RICHARD M. FRANCHI*
205 CHURCH STREET, 3rd FLOOR • NEW HAVEN, CONNECTICUT 06510 • (203) 495-1000 • JURIS NO. 310016

7